## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUINCY MICHAEL PATRICK,** | : | **No. 3:23cv672** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Schwab)** |
| **JOHN RODRIGUEZ, et al.,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court is the report and recommendation ("R&R") of Magistrate

Judge Susan E. Schwab in this civil rights action filed by Plaintiff Quincy Michael

Patrick pursuant to 42 U.S.C. § 1983 ("Section 1983"). (Doc. 10).  Plaintiff timely

filed objections to the R&R (Doc. 11) and this matter is ripe for disposition.[1]

**Background**

Plaintiff does not object to the facts set forth by Magistrate Judge Schwab.

Finding no evidence of plain error[2], the court thus adopts them as follows:

> Patrick lists the following in the caption as defendants: (1)
> John Rodriguez ("Officer Rodriguez"); (2) Judge Michael J.
> Dotzel ("Judge Dotzel"); (3) the Wilkes-Barre Township
> Police Department; (4) "victims"; (5) "district attorney";  (6)

---

[1] Plaintiff's objection is styled "Objection to the Report and Recommendation [and] [m]otion for extension of time to appeal order."  The court only addresses plaintiff's objections at this juncture.

[2] See FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation")

"Luzerne county Convention ctr. Auth Mohegan sun arena" ("Luzerne County Convention Center Authority"); (7) "Disney productions or motion picture employment/security/supervisor" ("Disney"); and (8) "police officers on case" ("unnamed police officers"). Doc. 6 at 1.

He alleges the following facts in his amended complaint. On January 12, 2023, while Patrick was at an event— Disney on Ice—at the Mohegan Sun Arena, he was approached by three or more police officers from the Wilkes-Barre Township Police Department, who requested that he speak to them. Id. at 6.

Patrick asked the officers if he was free to leave, and they responded that he was not. Id. Patrick recounts that he did not feel the need or want to answer questions from the officers. Id. The officers then told Patrick "if [he] did not provide them [his] name [he] would be arrested." Id.

While walking with the officers, Patrick asked what crime he had committed. Id. According to Patrick, he felt that he was being interrogated, that he was under duress, and that he was unsafe. Id. at 7. None of the officers would tell him why he was being questioned, and they told him that if he did not provide his name, he would be arrested for obstruction of justice. Id.

After Patrick provided his name and address, the officers told him to leave the event or he would be arrested for trespassing or some other charge. Id. Patrick then asked to speak to the supervisor of the event, who also told Patrick that he had to leave. Id. Patrick requested a refund of what he had paid for his tickets to the event, but he never received such, and he left the event. Id.

2

Later, Patrick received notice of criminal charges in the mail. Id. at 7. He pleaded not guilty to the charges, and he had a trial before Magisterial District Judge Dotzel. Id. At trial, Judge Dotzel asked Patrick a question, which Patrick did not understand. Id. According to Patrick, after he asked a clarifying question in return, Judge Dotzel became unprofessional. Id. Judge Dotzel allegedly told Patrick that since he did not want to give an oath, he was finding him guilty without a hearing. Id. Patrick filed a summary appeal to the Luzerne County Court of Common Pleas, where he was found not guilty. Id.

As relief, Patrick wants the "police officers and judge and event staff to be held accountable for this illegal arrest false police report malicious prosecution" and he is seeking monetary compensation. Id. at 7. Patrick repeatedly alleges that the officers did not have probable cause. Id. at 4.

(Doc. 10 at 2-3).

Magistrate Judge Schwab recommends that plaintiff's *pro se* amended complaint (Doc. 6) be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for failure to state claims against these defendants. The magistrate judge further recommends that plaintiff be provided one final opportunity to correct deficiencies in his pleading as to his claims against Defendants Officer Rodriguez and the unnamed police officers. Plaintiff timely filed objections to the R&R and this matter is thus ripe for disposition.

3

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations, the court has jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Furthermore, the court has jurisdiction pursuant to 28 U.S.C. § 1343(a).

**Standard of Review**

**1. Reports and Recommendations**

When a party files objections to a magistrate judge's report and recommendation on a dispositive motion, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**2. Screening of Actions Filed *In Forma Pauperis***

Under 28 U.S.C. § 1915(e), which applies to civil actions commenced *in forma pauperis* ("IFP"), the court shall dismiss the matter if it determines that the action: 1) "is frivolous or malicious," 2) "fails to state a claim on which relief may

4

be granted," or 3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Although enacted as part of the Prison Litigation Reform Act, "the provisions of § 1915(e)(2) apply to all IFP complaints, not simply those filed by prisoners." Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007)(citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 n. 19 (3d Cir. 2002); Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)).

In screening claims under Section 1915(e)(2)(B)(ii), district courts apply the same standard governing motions to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6).  See, e.g., Smithson v. Koons, No. 15cv1757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017); Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

In deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. See Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008).  The plaintiff, however, must describe "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the complaint.  Id. at 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations, internal quotations, and quotation marks omitted).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Such "facial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  However, "[t]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

The Supreme Court has counseled that a court examining a motion to dismiss should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. 679.  Next, the court should make a context-specific inquiry into the "factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." Id. at

6

681.  Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 681.

Moreover, the court recognizes that *pro se* filings are liberally construed and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

**Discussion**

Plaintiff brings this action pursuant to Section 1983.  Section 1983 does not, by its own terms, create substantive rights. Rather, it provides remedies for deprivations of rights established elsewhere in the Constitution or federal law. Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir.1996). Section 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress....

42 U.S.C. § 1983.  Thus, to establish a claim under Section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a

7

person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir.1998). Second, the conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id.

After parsing plaintiff's *pro se* objections, he appears to raise several issues best addressed by categorizing his constitutional claims against the following defendants, including: 1) the Luzerne County Convention Center Authority ("Convention Authority"); 2) the Wilkes-Barre Township Police Department; 3) Magisterial District Court Judge Michael Dotzel ("Judge Dotzel"); and 4) Officer Rodriguez and the other unnamed police officers.[3]

### 1. Claims Against the Convention Authority

Magistrate Judge Schwab recommends the dismissal of plaintiff's claims against the Convention Authority, which owns the Mohegan Sun Arena at Casey Plaza in Wilkes-Barre Township, Pennsylvania. After *de novo* review and consideration of the arguments in the objections, plaintiff's amended complaint fails to state a claim against the Convention Authority.

---

[3] Plaintiff's objection does not address portions of the R&R regarding his claims against Disney, "the victims," and the Luzerne County District Attorney. Finding no plain error or manifest injustice regarding these portions of the R&R, Magistrate Judge Schwab's recommendation is adopted without further discussion and these defendants will be dismissed.

### a. Liability Based on Policy or Custom

A municipality may be liable under Section 1983 "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011)(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)(internal quotation marks removed). Moreover, "in Monell, the Court held that 'a municipality cannot be held liable' solely for the acts of others, e.g., 'solely because it employs a tortfeasor.' But the municipality may be held liable 'when execution of a government's policy or custom ... inflicts the injury.' " Los Angeles Cty., Cal. v. Humphries, 562 U.S. 29, 36, (2010)(quoting Monell, 436 U.S. at 691, 694)(emphasis removed).

Importantly, "[a] municipality may be held liable pursuant to 42 U.S.C. § 1983 only if a plaintiff is able to identify such a policy or custom." Baloga v. Pittston Area Sch. Dist., 927 F.3d 742, 761 (3d Cir. 2019)(citation omitted). Moreover, the "first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989).

As pled in the amended complaint, plaintiff's claims against the Convention Authority are convoluted. These allegations state:

> The Authority contracts with Defendant SMG to manage the Arena's day-to-day operations. this defendant in concert of other defendants acted with the specific intentions to violate my rights the convention center authority did not protect me with due diligence to check there video surveillance to see if i was part of this crime they did not show me the rules and regulations i violated before agreeing with the officers to remove me by being removed from this public event space after i asked them all to tell me what did i violate the officer asked permission to remove me from there supervisor and event staff and all the defendants agreed! i requested before my removal a refund and or after I'm found not guilty of this false arrest, malicious prosecution, and or malicious court proceedings as well as due process violations under this commonwealth i want a refund back. [sic]

(Doc. 6 at p. 2-3).

Plaintiff does not specify any policy or custom in the amended complaint that allegedly violated his rights.  Additionally, the court notes that SMG was not named as a defendant in the caption of the amended complaint. (Doc. 6 at p. 1). There are no other factual allegations regarding SMG despite allegations that the Convention Authority contracted with SMG to manage the operations of the arena.  As alleged in the amended complaint, there is a broken link in the causal chain between Convention Center policies or customs and the alleged constitutional violations.  Thus, plaintiff's amended complaint fails to state a Section 1983 claim against the Convention Authority based on municipal policy or custom.

10

The magistrate judge also recommends that plaintiff should not be granted leave to amend as to claims against the Convention Authority.  Before dismissing a complaint for failure to state a claim upon which relief may be granted, a court must grant the plaintiff leave to amend his complaint, unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hospital, 293 F.3d 103, 114 (3d Cir. 2002).

Plaintiff will not be granted leave to amend his claims against the Convention Authority based on a policy-or-custom theory of liability.  In the objections, plaintiff asserts the Convention Authority did not have a policy to refund customers being removed from the arena by law enforcement after customers paid for entry at an event. (Doc. 11 at p. 2-3).  Plaintiff also asserts a failure by the Convention Authority to not have a policy regarding removal of customers unless a law is broken or that customer caused safety concerns. (Id. at 3).  His allegations about the operations contract between the Convention Authority and SMG, however, still undermine these proposed legal theories.  Per plaintiff, SMG controls day-to-day operations at the arena.  This means that SMG would establish policies and customs regarding refunds or removal of customers, not the Convention Authority.  Plaintiff's proposed allegations also do not demonstrate "an 'affirmative link' between the policy or custom and the constitutional violation he alleges."  Est. of Roman v. City of Newark, 914 F.3d

11

789, 798 (3d Cir. 2019)(quoting Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990)). Thus, plaintiff will not be granted leave to amend.[4]

### b. Liability Based on Failure to Train

As part of her thorough analysis, Magistrate Judge Schwab also considered whether plaintiff's allegations could support a Section 1983 claim against the Convention Authority through an alleged failure to train the police officers involved in the alleged incident.  As summarized by the Third Circuit Court of Appeals:

> The pleading requirements are different for failure-to-train claims because a plaintiff need not allege an unconstitutional policy. See Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) ("[I]n the absence of an unconstitutional policy, a municipality's failure to properly train its employees and officers can create an actionable violation ... under § 1983.").

> Instead, he must demonstrate that a city's failure to train its employees "reflects a deliberate or conscious choice." Brown, 269 F.3d at 215 (internal quotation marks omitted). For claims involving police officers, the Supreme Court has held that the failure to train "serve[s] as [a] basis for § 1983 liability only where [it] ... amounts to deliberate indifference to the rights of persons with whom the police come into

---

[4] As noted above, plaintiff referred to SMG as a defendant in the body of his amended complaint, but not in the caption.  Plaintiff has not alleged any other facts regarding SMG, including whether SMG was acting under color of state law for the purposes of his Section 1983 claims.  Thus, to the extent that SMG was named as a defendant in plaintiff's allegations, plaintiff's amended complaint fails to state a claim.

contact." City of Canton v. Harris, 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (footnote omitted).

A plaintiff sufficiently pleads deliberate indifference by showing that "(1) municipal policymakers know that employees will confront a particular situation[,] (2) the situation involves a difficult choice or a history of employees mishandling[,] and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." Doe v. Luzerne County, 660 F.3d 169, 180 (3d Cir. 2011) (internal quotation marks omitted) (quoting Carter v. City of Philadelphia, 181 F.3d 339, 357 (3d Cir. 1999) ).

Est. of Roman, 914 F.3d at 798 (formatting modified).

A review of plaintiff's objection reflects that plaintiff wildly lumps the Convention Authority in with the Wilkes-Barre Township Police Department as the "municipality." (Doc. 10 at 3). Plaintiff, however, has not linked the Convention Authority to the police officers in the arena on the date of the alleged incident or established how the Convention Authority was responsible for the training of those officers. Accordingly, plaintiff's amended complaint also fails to state a Section 1983 claim against the Convention Authority based on an alleged failure to train. Magistrate Judge Schwab's recommendation will be adopted and plaintiff's claims against the Convention Authority will be dismissed without leave to amend because such amendment would be futile.

## 2. Claims Against Wilkes-Barre Township Police Department

Similar to plaintiff's claims against the Convention Authority, Magistrate Judge Schwab recommends dismissing plaintiff's Section 1983 claims against the Wilkes-Barre Township Police Department after considering both the policy-or-custom and the failure to train theories of municipal liability.  (Doc. 9 at 11-18). After *de novo* review, plaintiff's claims against the Wilkes-Barre Township Police Department in the amended complaint will likewise be dismissed without leave to amend.[5]

Plaintiff's amended complaint mashes the above-referenced theories of municipal liability together.  He avers the following in a factually underdeveloped and conclusory manner:

> Wilkes-Barre township police department. . .
> I Quincy Patrick thereby put forth the argument that these police officers including officer john Rodriguez hereby were not properly trained to handle this situation at hand on January 12 2023 they lacked expertise and knowledge to the point they had to call their supervisor to see if it was

---

[5] Wilkes-Barre Township Police Department is not a proper defendant in this case. See Dull v. W. Manchester Twp. Police Dep't, 604 F. Supp. 2d 739, 753, n. 9 (M.D. Pa. 2009)("As an initial matter, police departments possess no legal existence apart from their chartering municipalities and therefore are not proper defendants in a § 1983 action.")(citations omitted).

For the purposes of this analysis, the court construes all allegations against Wilkes-Barre Township Police Department as averments against Wilkes-Barre Township as the proper defendant.

appropriate for me to still be on premises when again no
crime was committed their superior did not investigate
more in regards to this complaint these policemen can and
could've been more trained in the respect of gathering
evidence other than written or verbal statements these
officers could've been trained on identification purposes for
mugshots or line ups for criminals. they lacked training in
securing the premises for public safety in the supposed
endangerment to public safety and whatever else to the
policy under the municipality that they violated that I was
denied access to i went there and requested for all
information regarding this criminal complaint rules
guileless policy's and was informed i can only receive a
copy of the complaint and a few other documents if payed
nothing beyond to the acknowledgment of policy's rules
regarding this brief to help support my case pro se with this
government interference is key to finding me relief . [sic]

(Doc. 6 at 3-4).

After construing the above liberally, plaintiff does not identify or specify a

custom or policy implemented by the Wilkes-Barre Township Police Department

that allegedly violated his rights, so the court considers only whether the

amended complaint states a claim under a failure to train theory of municipal

liability.

15

As noted above, "a municipality's failure to train its employees in a relevant respect must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.' " Connick, 563 U.S. at 61 (quoting Canton, 489 U.S. at 388).   Additionally, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." Id. at 62 (quoting Board of Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 403 (1997)).

In the factual scenario laid out by plaintiff, he has not pled the deliberate indifference necessary to form the basis of a Section 1983 claim based on a failure to train.   Moreover, he has not identified a pattern or practice of similar unconstitutional practices by the Wilkes-Barre Township Police Department in investigating incidents at the Mohegan Sun Arena at Casey Plaza or anywhere else in the township.   Plaintiff asserts that the police officers "could've been more trained in the respect of gathering evidence" or "could've been trained on identification purposes for mugshots or line ups for criminals." (Doc. 6 at 4). Without additional facts regarding this incident or other incidents, however, plaintiff's suggested training deficiencies have no connection to his allegations. Accordingly, the magistrate judge's recommendation will be adopted and plaintiff's claims against the Wilkes-Barre Township Police Department will be dismissed without leave to amend.

16

### 3. Claims Against Judge Dotzel

Plaintiff also objects to the recommendation that the claims against Judge Dotzel be dismissed.  Plaintiff's objection is not a model of clarity:

> Agent judge Dotzel pleading this action against an entity of which an officer is an agent is the real party of interest or his personal/individual capacity is my attack for relief this judge acted with no jurisdiction over subject matter to be immune from consequences he did not have my oath to act in a manner to proceed with this trial. . .

> Part "I." due process was violated when this judge wanted to proceed skipping past the trial process fairly obey the due process rights of my entiltlement which was bias ill will and malicious. [sic]

(Doc. 11 at 5).

Even construing the above liberally, this objection is without merit.  The law provides judicial officers absolute immunity from suit for actions taken in performance of their judicial duties.  Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam).   Moreover, judges will not be denied immunity even if their actions were done in error, maliciously, or in excess of the judge's authority. Rather, judges are subject to liability only when they have acted in the clear absence of all jurisdiction.  Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871)).  Moreover, "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a

17

general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) (internal quotation marks and citation omitted).

Judge Dotzel is thus immune from suit unless he acted in the clear absence of jurisdiction.  Because plaintiff's amended complaint specifically asserts that Judge Dotzel presided over his summary trial in magisterial district court, (Doc. 6 at 7), it cannot be seriously contended that Judge Dotzel acted in the clear absence of jurisdiction in the underlying matter.

Furthermore, plaintiff seeks monetary damages in this matter from an immune defendant.  Section 1915(e) requires the court to dismiss an action under the circumstances. See 28 U.S.C. § 1915(e)(2)(B)(iii) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . .seeks monetary relief against a defendant who is immune from such relief."). Thus, Magistrate Judge Schwab's recommendation will be adopted and plaintiff's claims against Judge Dotzel will be dismissed without leave to amend.

### 4. Claims Against Officer Rodriguez and the Unnamed Officers

Finally, plaintiff objects to the recommendation that he be granted leave to file a second amended complaint against Officer Rodriguez and the unnamed police officers. Magistrate Judge Schwab indicates that there may be additional underlying facts that, if pled, might plausibly aver Section 1983 claims against Officer Rodriguez and the unnamed officers for Fourth Amendment violations. (Doc. 10 at 18-25). Plaintiff, however, asserts that he has provided all the allegations and documents to support his facts and claims and that the allegations in the amended complaint were sufficient as to these defendants. (Doc. 11 at 4-5). For whatever reason, plaintiff attempts to argue himself out of court.

Under the circumstances, there is no reason not to adopt Magistrate Judge Schwab's recommendation. Thus, as recommended, plaintiff will be granted leave to file a second amended complaint only regarding his claims against Officer Rodriguez and the unnamed police officers. Plaintiff shall file the second amended complaint against Officer Rodriguez and the unnamed officers within twenty (20) days or this matter will be dismissed.

### Conclusion

For the reasons set forth above, the court will adopt Magistrate Judge Schwab's R&R. Plaintiff's amended complaint will be dismissed for failure to

19

state a claim upon which relief can be granted.  Plaintiff will have twenty (20)

days to file a second amended complaint only as to his claims against Officer

Rodriguez and the unnamed police officers.  Should plaintiff fail to file a second

amended complaint within that time frame, plaintiff's case will be dismissed.

Date: 3/18/24

**JUDGE JULIA K. MUNLEY**
**United States District Court**

20